United States District Court
Southern District of Texas
**ENTERED**
July 25, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAMUEL LEE JONES, JR., § <br> TDCJ # 01787475, § <br> § <br> Plaintiff, § <br> § <br> § <br> VS. § <br> § <br> BOBBY LUMPKIN, *et al.*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 4:21-3638 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Samuel Lee Jones, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), proceeds *pro se* and *in forma pauperis* in this civil rights case. Because this case is governed by the Prison Litigation Reform Act (PLRA), the Court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. Having reviewed the pleadings as required, the Court will **dismiss** Jones' claims against Defendants Jane Doe, Sharon Rowe-Philips, Miriam Gitau, and Patrick Coleman.[1] Jones' motions for an emergency injunction (Dkt. 5), to amend his pleadings (Dkt. 14), and to compel (Dkt. 17) will be **denied**. The Court's reasons are explained below.

---

[1] By separate order, the Court will order Defendants Bobby Lumpkin, Margarita Thomas, and Stanley Iwundi to answer Jones' claims against them.

**I.     STANDARD OF REVIEW**

Because the plaintiff is a prisoner proceeding *in forma pauperis*, the Court is required by the PLRA to screen the case and dismiss the complaint at any time if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).  A district court may dismiss a claim as frivolous if it lacks any arguable basis in law or fact.  *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).  A claim lacks an arguable basis in law "if it is based on an indisputably meritless legal theory." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up).  It lacks an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.* (cleaned up).

A dismissal under § 1915A(b) or § 1915(e)(2)(B) for failure to state a claim is governed by the same standard as a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002).  Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief."  *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff proceeds *pro se*.  Complaints filed by *pro se* litigants are entitled to a liberal construction

and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005).

## II. <u>PROPERTY CLAIMS</u>

Jones alleges that Officers Jane Doe, Sharon Rowe-Philips, and Miriam Gitau violated his constitutional rights when handling his property. He states that he received a temporary medical transfer on March 30, 2021, and returned to his unit on April 29, 2021. Because of the transfer, his personal property was inventoried and sent to storage while he was off the unit. Jones pleads that he received an inventory sheet and later filed a written grievance regarding the property, which the warden investigated and ultimately denied (Dkt. 1, at 12-15; Dkt. 4, at 18-22). As for the defendants' roles in the alleged violations, Jones claims that Doe documented his property on March 30, 2021, but then negligently permitted trusty inmates to take Jones' property to the property room (Dkt. 1, at 12). He

alleges that Rowe-Phillips reissued Jones' property to him on May 6, 2021, and that, when Jones told her his commissary items were missing, she documented his claim on the inventory sheet; that Rowe-Phillips checked with another property officer, Gitau, about the missing property, but later told Jones that she had not found the property; and that Rowe-Phillips advised him to file a grievance and subsequently lied in the grievance process when she said that Jones' property had been returned to him (*id*. at 13). He alleges that Gitau was responsible for securing his property and also lied during the grievance process (*id.*).

Jones' property claims are governed by the Due Process Clause. Prison officials may impose reasonable restrictions on the type and amount of personal property that inmates possess while in prison. *See McCrae v. Hankins*, 720 F.2d 863, 869 (5th Cir.1983), *abrogated on other grounds*, *Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984). To the extent that Texas prisoners have a right to possess personal belongings, the deprivation of property implicates the Constitution only if such deprivation is accomplished without due process. *See Parratt v. Taylor,* 451 U.S. 527, 537 (1981), *overruled in part on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986).

Due process requirements for deprivations caused by state officials' authorized conduct are different from those caused by officials' unauthorized conduct. When a deprivation is authorized by an official policy, an inmate must be afforded some combination of notice prior to the deprivation and an opportunity to be heard. *Zinermon v. Burch*, 494 U.S. 113, 127-28 (1990); *Morris v. Livingston*, 739 F.3d 740, 750 (5th Cir. 2014); *Stotter v. Univ. of Tex. San Antonio*, 508 F.3d 812, 821-22 (5th Cir. 2007). *See*

*Wilkinson v. Austin*, 545 U.S. 209, 228-29 (2005). However, when officials engage in random and unauthorized conduct depriving an inmate of property, the deprivation is not foreseeable by state officials and pre-deprivation process is impractical. For unauthorized deprivations, therefore, the officials can satisfy due process requirements by making available a meaningful post-deprivation tort remedy. *Zinermon*, 494 U.S. at 128-29; *Hudson*, 468 U.S. at 533.

In this case, Jones alleges that officials inventoried his property for storage while he was temporarily transferred to a medical unit, but then failed to properly handle the property, causing some of it to be lost. *See*, *e.g.*, Dkt. 1, at 12 (alleging that Doe was negligent when she permitted trusty inmates to transport Jones' property). Because the deprivation at issue was allegedly caused by the defendants' negligence or other failure to properly care for the property, due-process requirements are satisfied by a meaningful post-deprivation tort remedy. *Zinermon*, 494 U.S. at 128-29; *Hudson*, 468 U.S. at 533. *See Parratt*, 451 U.S. at 541 (prison officials' negligent loss of an inmate's property was properly remedied by post-deprivation procedures); *Hudson*, 468 U.S. at 533 (state official's unauthorized and malicious destruction of the inmate's property was properly remedied by post-deprivation procedure). Jones pleads that he filed a post-deprivation administrative grievance, which the warden investigated and denied. Additionally, Texas provides a post-deprivation remedy in state court for inmates whose property has been taken in an unauthorized manner. TEX. GOV'T CODE § 501.007, § 501.008; *see Myers v. Klevenhagen*, 97 F.3d 91, 95 (5th Cir. 1996); *Spurlock v. Schroedter*, 88 S.W.3d 733, 737

(Tex. App.–Corpus Christi 2002, no pet.). Therefore, Jones' due process rights regarding the unauthorized deprivation are satisfied by post-deprivation remedies.[2]

Jones' property claims against Doe, Rowe-Phillips, and Gitau will be dismissed under 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

## III. GRIEVANCE CLAIMS

Jones claims that Warden Coleman, Rowe-Phillips, and Gitau violated his rights during the administrative grievance process. He pleads that he filed two grievances about his missing property and got responses from Coleman for each. He alleges that Coleman conducted a "sham" investigation and then denied the grievance because, according to Coleman, staff was present during the property transfer and had secured Jones' property (Dkt. 1, at 14). Jones claims that Coleman's response is "frivolous" and that Coleman did not review the documents at issue (*id*. at 14-15). He also alleges that Rowe-Phillips and Gitau lied during the grievance process when they stated that all of Jones' property had been returned to him (*id*. at 13).

Jones fails to state a claim on which relief can be granted. The Fifth Circuit has held that an inmate does not have a federally protected interest in having grievances investigated or resolved to his satisfaction. *See Stauffer v. Gearhart*, 741 F.3d 574, 587

---

[2] To the extent Jones challenges the storage of his property, which was an authorized temporary deprivation during his medical transfer, his due process rights were satisfied by the inventory sheet, which provided advance written notice of the transfer and storage, as well as the administrative grievance process. *See Morris*, 739 F.3d at 750; *Stotter*, 508 F.3d at 822; *Flores v. Smith*, No. 9:11CV205, 2012 WL 1946137, at *2 (E.D. Tex. May 30, 2012).

(5th Cir. 2014); *Geiger*, 404 F.3d at 374. Because Jones' pleadings allege that Coleman investigated his grievance and provided a written justification for why Jones was not entitled to relief, he fails to state a due process claim. *See Stauffer*, 741 F.3d at 587. His claims that Gitau or Rowe-Phillips violated his rights based on their statements during the investigation of his administrative grievance fail under the same authority.

Jones' claim against Coleman, Gitau, and Rowe-Phillips regarding the grievance process therefore will be dismissed under 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

### IV. MOTION FOR INJUNCTIVE RELIEF

Jones seeks emergency injunctive relief (Dkt. 5) ordering the defendants to stop holding his religious mail for 4-12 weeks, among other actions, based on his rights under the First Amendment and RLUIPA. A plaintiff seeking a preliminary injunction must establish "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Jones v. Texas Dep't of Criminal Justice*, 880 F.3d 756, 759 (5th Cir. 2018).

An inmate's First Amendment right to exercise his religion "is subject to reasonable restrictions and limitations necessitated by penological goals" and, if a "restriction impinging on an inmate's constitutional rights" is "reasonably related to legitimate penological interests," it must be upheld. *McFaul v. Valenzuela,* 684 F.3d 564, 571-572

(5th Cir. 2012) (cleaned up). Under RLUIPA, an inmate challenging a government action must show, among other things, that the action "substantially burdens" his religious exercise by pressuring him to significantly modify his religious behavior and violate his beliefs. 42 U.S.C. § 2000cc-1(a); *McFaul*, 684 F.3d at 575. A court must also evaluate whether the challenged government action is the least restrictive means of furthering a compelling government interest. 42 U.S.C. § 2000cc-1(a).

In this case, Jones alleges that the defendants hold his religious mail for 4-12 weeks when the applicable policy permits only a 2-week delay (Dkt. 5, at 1). However, at this stage of the proceedings, he has not met his burden to show that the mail delay impinges on his constitutional rights or is not "reasonably related" to prison officials' legitimate penological interests. *See McFaul*, 684 F.3d at 572. He therefore has not shown, on this record, that he is likely to succeed on the merits of his First Amendment claim. Additionally, he has not met his burden under RLUIPA to show a substantial likelihood of success on his claim that the mail delay "substantially burdens" his religious exercise, and the record before the Court does not reflect information about whether the alleged government actions are the "least restrictive means" of furthering a compelling government interest. *See id*. at 575. Moreover, Jones has not adequately shown on this record that the threatened injury to him from the denial of an injunction outweighs harm to the defendants if the policy were enjoined. Jones' motion for injunctive relief (Dkt. 5) therefore is **DENIED**.

V.     **MOTION TO AMEND OR SUPPLEMENT PLEADINGS**

Jones filed a motion for leave to amend his pleadings (Dkt. 14). His proposed amendment (Dkt. 13) brings a claim against a new defendant, Robert Williams, and complains of events in January 2022 during the omicron wave of the COVID-19 pandemic. In particular, Jones alleges that Williams violated his Eighth Amendment rights when, with deliberate indifference, Williams created a "super spreader event" by putting 80 to 100 inmates together in a small holding cage during showering time.

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). However, because the proposed amendment pertains to events that occurred after November 1, 2021, when Jones filed this lawsuit, the Court construes Jones' motion to amend as a motion to supplement his pleadings under Rule 15(d). *See Haggard v. Bank of Ozarks Inc.*, 668 F.3d 196, 202 (5th Cir. 2012). Whereas Rule 15(a) provides that leave to amend should be "freely given," the text of Rule 15(d) contains no such provision. *Burns v. Exxon*, 158 F.3d 336, 343 (5th Cir. 1998). Nevertheless, "the discretion exercised in deciding whether to grant leave to amend is similar to that for leave to file a supplemental pleading." *Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983) (citing 6 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1504 (1971)); *see Lowrey v. Beach*, 708 F. App'x 194, 195 (5th Cir. 2018).

Jones' proposed new Eighth Amendment claim is unrelated to his original claims in this suit and does not involve any defendant named in his original pleading. An attempt to file multiple lawsuits in one complaint violates Federal Rules of Civil Procedure 18 and

20, which set out the limits on joinder of claims and parties. The Fifth Circuit has discouraged the "creative joinder of actions" by prisoners attempting to circumvent the fee-payment and three-strikes provisions of the PLRA. *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998); *see also, e.g., Covarrubias v. Foxworth*, No. 6:13-CV-812, 2017 WL 1159767 (E.D. Tex. Mar. 29, 2017) (severing prisoner lawsuit consisting of unrelated claims into three separate cases); *Nelson v. Francis*, No. 2:02-CV-347, 2003 WL 21766528 (N.D. Tex. July 29, 2003) (severing prisoner lawsuit consisting of unrelated claims into seven separate cases).

Jones' motion (Dkt. 14) is **DENIED** under Rule 15(d).  If Jones chooses to pursue civil-rights claims against Williams, he may file a separate lawsuit.

## VI.     MOTION TO COMPEL

Jones filed a motion to compel the defendants to file an answer.  He argues that the time for the defendants to file their answer has expired and that he clearly has stated a valid claim.  However, as explained in the Court's order dated November 10, 2021 (Dkt. 8), service of process has been withheld while the Court completed its judicial screening of Jones' pleadings.  Because the defendants have not been served with process, no answer is due and Jones' motion to compel (Dkt. 17) is **DENIED**.

## VII.     CONCLUSION

For the reasons explained above the Court now **ORDERS** as follows:

1.     Jones' claims against Officers Jane Doe, Sharon Rowe-Phillips, and Miriam Gitau are **DISMISSED** without prejudice as to any potential state law claims against Doe,

Rowe-Phillips, or Gitau. In all other respects, Jones' claims against Doe, Rowe-Phillips, and Gitau are dismissed with prejudice under 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

2. Jones' claims against Warden Coleman are **DISMISSED** with prejudice under 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

3. Jones' motion for emergency injunctive relief (Dkt. 5) is **DENIED**.

4. Jones' motion for leave to amend his pleadings (Dkt. 14) is **DENIED**.

5. Jones' motion to compel (Dkt. 17) is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on July 22, 2022.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE